IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


JACOB GONZALES,

    Petitioner,

v.                                                                                        Civ. 14-134 SWS/SCY

JAMES JANECKA, Warden,
and ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Doc. 1*. I find that Petitioner's claims are time-barred, and I recommend dismissing the Petition with prejudice.

**I.   BACKGROUND**

On May 28, 2004, a jury found Petitioner Jacob Gonzales and his brother guilty of, among other crimes, first-degree murder in connection with the death of Pamela Martinez, who was shot while sitting in a motor vehicle outside Petitioner's residence. *Doc. 9*, Exs. A, K. After Petitioner was sentenced to life imprisonment plus ten and a half years (*id.*, Ex. A at 2), he filed a direct appeal to the New Mexico Supreme Court, arguing that (1) the trial court erred in refusing to give the jury a self-defense and defense of home instruction, (2) Petitioner's conviction for first-degree murder, on a theory of felony-murder, and his conviction for shooting into a motor vehicle violated his double jeopardy rights, and (3) Petitioner's trial counsel was constitutionally ineffective, particularly insofar as this attorney failed to seek a continuance to secure the testimony of an eye witness named Juliet Baldanado. *Id.*, Ex. K. On October 31, 2007, the New

Mexico Supreme Court vacated his conviction for shooting at a motor vehicle, thereby resolving the double jeopardy violation. *Id.*, Ex. Q at 2. However, the Court affirmed Petitioner's conviction for first-degree murder. *Id.*, Ex. Q at 11.

On July 11, 2008, the trial court entered an amended judgment sentencing Petitioner to life imprisonment plus 18 months. *Id.*, Ex. B. Shortly thereafter, on August 22, 2008, Petitioner filed a state habeas corpus petition renewing his argument that he had received ineffective assistance of counsel because his trial attorney had failed to safeguard his right to compel Ms. Baldanado to testify. *Id.*, Ex. T. The trial court dismissed this petition without prejudice, on February 25, 2009, explaining that Petitioner needed to provide specific detail regarding Ms. Baldanado's proposed testimony for the court to evaluate his Sixth Amendment claim. *Id.*, Ex. U. Petitioner did not appeal this decision, but instead filed a second state habeas petition October 20, 2011, over two years later. *Id.*, Ex. W. Petitioner swears that he mailed this petition to the court on April 21, 2011. *Id.*, Ex. W at 21.

In any event, the trial court dismissed Petitioner's second habeas petition on November 14, 2013 for failing to "clarify whether Juliet Baldonado actually witnessed the shooting incident" and failing to provide any other new evidence supporting Petitioner's claim of innocence. *Id.*, Ex. FF. The court did not directly address Petitioner's newly raised arguments, namely, that he was entitled to relief under *Brady v. Maryland*, 373 U.S. 83 (1963) because the prosecution withheld exculpatory statements made by Ms. Baldonado and neglected to inform the defense that two of its witnesses were granted immunity in return for their testimony. *See generally id.*, Exs. W, FF. Petitioner appealed this decision, but the New Mexico Supreme Court denied certiorari on January 23, 2014. *Id.*, Ex. HH.

Petitioner filed the instant federal habeas corpus petition on February 12, 2014. *Doc. 1*.

2

**II.     PETITIONER'S CLAIMS**

Petitioner raises the following four grounds for relief in the instant Petition:

1. Failure of the prosecution to disclose Ms. Baldonado's statement that she observed the incident and that Petitioner did not shoot the victim (*id.* at 3-5);

2. Failure of the prosecution to notify the defense that two of its witnesses were granted immunity in return for their grand jury testimony (*id.* at 9);

3. Ineffective assistance of Petitioner's trial counsel who allegedly failed to conduct a proper investigation and failed to move to sever Petitioner's trial from his brother's trial (*id.* at 4); and

4. Infringement on Petitioner's right to compulsory process caused by the trial court's refusal to aid Petitioner in securing Ms. Baldonado as a witness (*id.* at 4).

Respondent argues first that this Petition should be dismissed because it is time-barred and not tolled by any applicable doctrine. *Doc. 9* at 1. Alternatively, Respondent contends that Petitioner's claims have been properly resolved by the state court. *Id.*

**III.    ANALYSIS**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). Normally, this time period begins to run once the judgment of the petitioner becomes final. In such a case, a petitioner will have one-year from the termination of his criminal case either to (1) file a federal habeas corpus petition or (2) temporarily stop the statute-of-limitations clock by filing a state habeas corpus petition. *See* 28 U.S.C. § 2244(d)(2) (time during which a properly filed application for state post-conviction relief is pending is not counted against a petitioner's statute of limitations). Here, Petitioner's judgment became final on August 11, 2008, after the time period for appealing the July 11, 2008 amended judgment expired under state law. *See* 28 U.S.C. § 2244(d)(1)(A) (a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review").

Petitioner stopped the statute-of-limitations clock eleven days later, on August 22, 2008, when he filed his state petition for habeas corpus. The clock resumed on March 27, 2009, after this lawsuit closed.[1] Petitioner, however, did not submit his second state habeas corpus petition until April 21, 2011, over two years later, after the AEDPA statute of limitations had already expired. Thus, in the absence of statutory or equitable tolling, Petitioner's federal habeas petition must be considered time-barred.

    A.    **Statutory Tolling**

Under 28 U.S.C. § 2244(d)(1), the date the statute of limitations begins to run will be delayed if: (1) unconstitutional or otherwise federally prohibited state action prevents petitioner from filing a habeas petition, (2) the Supreme Court recognizes a new constitutional right that is retroactively applicable to petitioner's case on collateral review, or (3) petitioner is unable to discover the factual predicate of the claims presented until after judgment becomes final, despite the exercise of due diligence. Of these three, the only potential ground for statutory tolling that Petitioner asserts is the removal of a state impediment to filing.[2] Petitioner argues that the "state created a hindrance and impediment to filing federal petition" because "Petitioner met one delay after another" "in both the 1st and the 2nd petition for state writ of habeas corpus." *Doc. 1* at 6. Even if this is true, the delays that occurred during the pendency of Petitioner's state habeas corpus petitions did not negatively impact the statute of limitations, as the clock was tolled

---

[1] March 27, 2009 was the last day Petitioner could have appealed the dismissal of his first state habeas petition. *See* NMRA 12-501(B).

[2] While Petitioner asserts *Brady* violations, Petitioner does not allege that these claims are based on "newly discovered evidence" that was not available to Petitioner at the time his judgment became final. *See Doe v. Jones*, 762 F.3d 1174, 1176 (10th Cir. 2014) (when petitioner "alleges newly discovered evidence," filing deadline must be calculated based on the date when the factual predicate of the claim could have been discovered.). Rather, Petitioner claims that he "had notified the D.A. and Defense counsel during trial that witness Julie Baldando [sic] would give same statement that she had given to Officers, Detectives, that Jacob Gonzales did not shot [sic] victim." *Doc. 1* at 5. This indicates that Petitioner was aware of his first *Brady* claim prior to his conviction. Similarly, the record does not include any information from which a court could conclude that Petitioner's second *Brady* claim, regarding the immunity allegedly granted to prosecution witnesses, relies on evidence Petitioner discovered after his conviction became final.

during this time period. Because Petitioner does not present any evidence or argument that state action prevented him from timely renewing his state habeas corpus petition or from timely filing a federal habeas corpus petition after his first habeas petition was dismissed, there is no basis for postponing the statute of limitations.

### B. Equitable Tolling

A petitioner is entitled to equitable tolling if he can demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance" impeded his ability to file a timely petition. *Pace*, 544 U.S. at 418. This burden is a heavy one; "a garden variety claim of excusable neglect is not enough." *Sigala v. Bravo*, 656 F.3d 1125, 1128 (10th Cir. 2011). In this case, Petitioner has not argued that extraordinary circumstances warrant equitable tolling, nor can I find any basis for equitable tolling in the petition. Thus, I cannot recommend that the Court consider the merits of Petitioner's claims under this doctrine.

### C. Actual Innocence

In the Tenth Circuit, "[a] claim of actual innocence may toll the AEDPA statute of limitations." *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007). To successfully make such a claim, however, a petitioner must support his "allegations of constitutional error with reliable evidence" that was not presented at trial and that is sufficient to "show that it is more likely than not that no reasonable juror would have convicted the petitioner in light of the new evidence." *Cummings v. Sirmons*, 506 F.3d 1211, 1223 (10th Cir. 2007) (internal citations omitted) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). In other words, the petitioner must raise serious doubts about his factual guilt.

The "new" evidence identified by Petitioner – the alleged exculpatory statements of Ms. Baldanado – falls short of this high standard. Petitioner was convicted of first-degree murder

under two alternative theories: (1) first-degree murder by deliberate killing or (2) felony murder. Even if Ms. Baldanado had testified that she witnessed the incident and that Petitioner did not shoot the victim, this would not preclude a finding that Petitioner was guilty of felony murder. In light of the evidence presented at trial, which suggested that Petitioner fired his gun at the victim's vehicle on the night in question – a fact Petitioner does not directly dispute – a reasonable jury could conclude he was guilty of murder despite the putative testimony of Ms. Baldanado. Thus, Petitioner has not carried the heavy burden of showing he is entitled to review of his time-barred claims due to actual innocence.

## IV.    CONCLUSION

For the forgoing reasons, I have found that all of Petitioner's ground for relief are time-barred and should be dismissed with prejudice.

/s/ Steven C. Yarbrough
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**