IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JACOB GONZALES,

    Petitioner,

v.                                                                                                                Civ. 14-134 SWS/SCY

JAMES JANECKA, Warden,
and ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION AND DISMISSING CASE

THIS MATTER is before the Court on Petitioner Jacob Gonzales's 28 U.S.C. § 2254 motion for a writ of habeas corpus. *Doc. 1*. On December 9, 2014, Magistrate Judge Steven C. Yarbrough filed a Proposed Findings and Recommended Disposition ("PFRD") advising that the Court dismiss Petitioner's claims as time-barred. *Doc. 13*. Petitioner objected to the PFRD asserting actual innocence and arguing that the statute of limitations should be tolled because state action prevented him from timely filing his federal habeas petition. *See generally doc. 14*. The Court has reviewed these objections de novo, but finds them unpersuasive. The Court will, therefore, overrule Petitioner's objections, adopt the PFRD, and dismiss the petition.

I.    BACKGROUND

Petitioner Jacob Gonzales is currently serving a sentence of life imprisonment plus eighteen months for the murder of Pamela Martinez. *Doc. 9*, Ex. A-B. Petitioner's attempts to challenge this conviction are set forth in detail in the PFRD. For the purposes of this order, five dates are relevant: (1) August 11, 2008 – the date Petitioner's conviction became final, (2) August 22, 2008 – the date Petitioner filed his first state habeas corpus petition, (3) February 25,

2009 – the date the state trial court dismissed Petitioner's first habeas petition without prejudice, (4) April 21, 2011 – the date Petitioner claims he mailed his second state habeas petition to be filed, and (5) February 12, 2014 – the date Petitioner filed the present federal habeas corpus petition.

### III. ANALYSIS

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a prisoner typically has one year from the date his conviction becomes final to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). This one-year period is put on pause, however, during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim. . ." 28 U.S.C. § 2244(d)(2). Here, Petitioner does not dispute that his judgment became final on August 11, 2008, yet he did not file his federal habeas corpus petition until February 12, 2014, long after the AEDPA statute of limitations would have normally expired. In other words, Petitioner recognizes that this Court can only hear the merits of his claims if statutory or equitable tolling applies.

#### A. Statutory Tolling

When unconstitutional or otherwise federally prohibited state action prevents a petitioner from filing a habeas petition, the one-year AEDPA statute of limitations does not begin to run until this impediment is removed. 28 U.S.C. § 2244(d)(1). In his petition, Petitioner asserted this as a basis for considering what would otherwise be time-barred claims. To support this position, Petitioner explained that he faced delays "in both the 1st and the 2nd petition for state writ of habeas corpus," which constituted a "state created a hindrance and impediment to filing federal petition." *Doc. 1* at 6. The Magistrate Judge rejected this argument as non-meritorious, because

2

any delays that occurred during the pendency of Petitioner's state habeas corpus petitions did not count against the statute of limitations. *Doc. 13* at 4-5. Petitioner does not directly attack this reasoning, but instead claims that the dismissal of his first habeas petition was itself an unconstitutional impediment warranting statutory tolling:

> On August 22-2008, Petitioner Filed a state habeas corpus] on February 25-2009 the court dismissed this Petition requesting that Petitioner resubmit his Petition and add more facts, explain in detail his claim of actual innocent ____ . . . This met the 28 U.S.C. § 2254 standard for impediment, hindered the Petitioner. through motions and affidavits, the Petitioner made numerous attempts to have witness Ms. Baldonado to notify the court that she had witnessed the shooting and Jacob Gonzales was innocent.

*Doc. 14* at 2. The Court disagrees. First, it is not at all clear to this Court how the dismissal of Petitioner's first state habeas petition hindered his ability to timely file a federal habeas. Second, even if the dismissal of his first state habeas petition dissuaded Petitioner from timely pursuing his federal claims, this dismissal was not unconstitutional or otherwise federally prohibited. Thus, statutory tolling is not appropriate.

### B.   Equitable Tolling

The Magistrate Judge found that Petitioner had not asserted a claim for equitable tolling. *Doc. 13* at 5. While Petitioner copies the standard for equitable tolling into his objections, he does not argue that the Magistrate Judge misunderstood his position nor does he directly ask that the statute of limitations be equitably tolled. *See generally doc. 14*. Consistent with this position, he does not identify any extraordinary circumstance that would weigh in favor of equitable tolling. For these reasons, the Court will adopt Magistrate Judge's recommendation that equitable tolling does not apply in this case. *See United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) ("[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review.").

3

### C. Actual Innocence

Petitioner's primary objection to the PFRD is the Magistrate Judge's rejection of his claim of actual innocence, a claim which may be asserted regardless of the statute of limitations. *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) ("A claim of actual innocence may toll the AEDPA statute of limitations."). Claims of actual innocence require the petitioner to support his "allegations of constitutional error with reliable evidence" that was not presented at trial and that is sufficient to "show that it is more likely than not that no reasonable juror would have convicted the petitioner in light of the new evidence." *Cummings v. Sirmons*, 506 F.3d 1211, 1223 (10th Cir. 2007) (internal citations omitted) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Under this standard, the petitioner must provide evidence showing his actual innocence.

In this case, as the Magistrate Judge explained, the evidence identified by Petitioner is insufficient to demonstrate his innocence. Petitioner claims that there is an eye witness, Ms. Baldanado, who would testify that she observed the incident and that Petitioner did not shoot the victim. Even if this is true, Petitioner's conviction could still be upheld on a theory of felony murder due to his participation in the shooting that led to the victim's death. Moreover, Petitioner has not produced an affidavit or other independent evidence showing that his assertions regarding Ms. Baldanado's exculpatory observations are reliable. To the contrary, there is an affidavit in the state court record signed by Petitioner's grandmother stating that Ms. Baldanado told police she fled the scene prior to the shooting of the victim. *See doc. 9*, Ex. VV. In light of the lack of support for Petitioner's claims regarding Ms. Baldanado's proposed testimony, the Court finds that Petitioner has not carried the heavy burden of showing he is entitled to review of his time-barred claims due to actual innocence.

**IT IS THEREFORE ORDERED THAT:**

4

1. The Magistrate Judge's Proposed Findings and Recommended Disposition (*doc. 13*) is ADOPTED.

2. Petitioner Jacob Gonzales's petition for a writ of habeas corpus is dismissed with prejudice.

1/12/2015

_____
UNITED STATES DISTRICT JUDGE